IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES PAIGE, JR.                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:18-CV-765-SA-RP

METROPOLITAN SECURITY SERVICES,
d/b/a WALDEN SECURITY et al                                                         DEFENDANTS

ORDER AND MEMORANDUM OPINION

On June 10, 2020, this Court entered an Order and Memorandum Opinion [94] granting summary judgment in favor of Metropolitan Security Services and dismissing all of the Plaintiff's claims against it. In addition, the Court identified three material facts that may not be genuinely in dispute and ordered the remaining parties to submit briefing on whether the Court should grant summary judgment and dismiss all of the Plaintiff's claims. After giving each party 14 days to respond as required by Rule 56(f)(3) of the Federal Rules of Civil Procedure, the Court is now prepared to rule.

*Factual and Procedural History*[1]

This dispute arose after James Paige, a career Court Security Officer at the Federal Courthouse in Jackson, Mississippi, was not hired as the new district manager. Paige applied for the position within the posted application window but *after* Walden Security had already filled the position. Paige claimed that he was discriminated against because of his race when he was passed over for the position.

Paige filed his Complaint [1] on November 1, 2018, against Walden Security, Attorney General William Barr, and the United States Department of Justice alleging race discrimination

---

[1]   A more in-depth factual recitation can be found in the Court's Order and Memorandum Opinion [94].

under Title VII of the Civil Rights Act of 1964. Paige later amended his Complaint [34] to add Gaylen Knupp and Brandon Pritchard, in their individual and official capacities, as defendants. In addition, Paige added a Section 1981 claim against all defendants.

Walden Security filed a Motion for Summary Judgment [69] seeking dismissal of the Plaintiff's race discrimination claim against it. This Court granted that motion and dismissed Walden Security as a defendant. *See* [94]. In its Order and Memorandum Opinion, the Court notified the remaining parties that it intended to consider summary judgment on the remaining claims and gave the parties 14 days to file a response. Only the United States and the Plaintiff filed timely responses to the Court's Order [94]. The issues are now ripe for review.

*Legal Standard*

The Court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). A court may grant summary judgment under rule 56(f)(3) so long as it provides the parties with "ample notice [and] time to respond" and "consider[s] everything" that the parties claim to be probative of the matters that have been identified. *Santana v. Cook Co. Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012); *see also Wang v. Prudential Ins. Co. of Am.*, 439 Fed. Appx. 359, 363 n.2 (5th Cir. 2011).

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion*

In its Order and Memorandum Opinion [94], the Court identified the following three legal issues on which it intends to consider summary judgment: (1) the Plaintiff's Title VII and Section 1981 claims against the U.S. Marshal Service through the Attorney General and the United States; (2) the Plaintiff's Title VII and Section 1981 claims against Gaylen Knupp in his individual and official capacities; and (3) the Plaintiff's Title VII and Section 1981 claims against Brandon Pritchard in his individual and official capacities.

First, the Plaintiff claims that the U.S. Marshal Service is a joint-employer and is liable for race discrimination in violation of Title VII and Section 1981.[2] As the Court explained in its prior Opinion [94], the joint-employer doctrine is not applicable to governmental subdivisions. *See Trevino v. Celanese Corp.*, 701 F.2d 397, 404 n.10 (5th Cir. 1983); *see also Crain v. Metropolitan Security Services, Inc.*, 3:17-cv-868-SA Docket [55]. Thus, because the U.S. Marshal Service is a governmental subdivision, it cannot be considered a "joint-employer." Absent "employer" status, the Marshal Service is not subject to liability under Title VII of the Civil Rights Act.[3]

In addition, the Plaintiff alleged that the U.S. Marshal Service violated Section 1981. "To prevail [on a section 1981 claim], a plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corporation v. National Association of African American-Owned Media*, 140 S.Ct. 1009, 1019, 296 L. Ed. 2d 356 (2020). The Court previously found that no genuine dispute of material fact existed as to whether Walden Security discriminated against Paige on the basis of his race. Without additional facts suggesting that the U.S. Marshal Service had any involvement in the promotion process or discriminated against him in the process, Paige cannot establish the existence of a genuine issue of material fact that he was discriminated against. Therefore, the Court finds that summary judgment is proper on the Plaintiff's claims against the U.S. Marshal Service, the United States, and the Attorney General of the United States.[4]

---

[2] The Plaintiff conceded in his additional briefing that there are no genuine disputes of material facts as to whether the U.S. Marshal Service, through the Attorney General and the United States, is liable for race discrimination in this case.

[3] "Title VII prohibits an *employer* from failing or refusing to hire or discharge an individual 'because of such individual's race, color, religion, sex, or national origin.'" 42 U.S.C. § 2000e–2(a)(1).

[4] The Plaintiff's claims against the United States and against the Attorney General was solely based upon potential liability of the U.S. Marshal Service. No other claims are made against these parties. Therefore, they are entitled to summary judgment in their favor.

Second, Paige alleges that his former District Supervisor, Gaylen Knupp, discriminated against him in violation of Title VII of the Civil Rights Act and Section 1981.[5] In particular, Paige argues that Knupp is a "joint employee" of the U.S. Marshal Service and is therefore liable for discrimination. Gaylen Knupp is the former District Supervisor who retired from the position and recommended Prentiss Parker to replace him. The Court has not found, and the Plaintiff has not cited, any case recognizing "joint-employee" as a doctrine used to establish a cognizable Title VII claim. The Court therefore rejects that claim.

Normally, Title VII applies to employers with 15 or more employees. But, "an individual qualifies as an employer under Title VII solely for purposes of imputing liability to the true employer if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring." *Vance v. Union Planters Corp.*, 279 F.3d 295, 299 (5th Cir. 2002) (*quoting Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996). Although Knupp was District Supervisor and served in a supervisory position, he was no longer in that position at the time Paige applied for the position. Thus, it was impossible for Knupp to "exercise significant control over the plaintiff's hiring." *See id*. Consequently, there is no genuine dispute of material fact as to whether Knupp is liable for race discrimination under Title VII.

As to the Plaintiff's Section 1981 claim against Knupp, the Plaintiff argues in his additional briefing [97]that Knupp discriminated against him because of his race because he chose not to notify Paige or other black CSOs of his retirement and that the District Supervisor position would become available. The Plaintiff added that Knupp further attempted to get at least two white males hired for the position. However, Paige does not assert any facts suggesting that Knupp failed to either notify him or recommend him for the position solely because of his race. In addition,

---

[5] The Plaintiff conceded in his additional briefing that no genuine dispute of material fact exists as to whether Gaylen Knupp is liable for race discrimination in violation of Title VII of the Civil Rights Act of 1964.

Knupp's attempt to have two white males replace him does not indicate discrimination on the basis of race specifically because the Fifth Circuit ordained pre-selection as a legal, nondiscriminatory action. *See Pree v. Washington Cty. Bd. of Supervisors*, No. 4:16-CV-122-SA, 2018 WL 522776, at *5 (N.D. Miss. Jan. 23, 2018) (finding "pre-selection, in and of itself, does not establish pretext unless the preselection was motivated by discriminatory animus."); (*citing Rowe v. Jewell*, 88 F. Supp. 3d 647, 665 (E.D. La. 2015); *Walsdorf v. Bd. of Comm'rs for the E. Jefferson Levee Dist.*, 857 F.2d 1047, 1051 (5th Cir. 1988); *Hiner v. McHugh*, 546 Fed. Appx. 401, 407 (5th Cir. 2013)). Thus, without additional evidence pointing particularly to discriminatory animus, Paige cannot establish that but for race, Knupp would have recommend him for promotion to the District Supervisor position. Summary judgment is proper as to the Plaintiff's claims against Gaylen Knupp in his individual and official capacities.

Finally, Paige alleges that Brandon Pritchard discriminated against him on the basis of his race in violation of Title VII and Section 1981.[6] As with Knupp, Paige claims that Pritchard is a joint employee of the U.S. Marshal Service. As the Court acknowledge above, there are no cases identifying "joint-employee" as a doctrine to establish liability under Title VII. In addition, Pritchard was the Deputy U.S. Marshal at the time of this incident. As the Court found above, there is no genuine dispute of material fact as to whether the U.S. Marshal Service is liable under Title VII or Section 1981. Therefore, in addition to the "joint-employee" doctrine being inapplicable, Pritchard's employer—the U.S. Marshal Service—is not liable under Title VII or Section 1981. Paige's Title VII and Section 1981 claims against Pritchard lack merit. Summary judgment is therefore proper on the Plaintiff's claims against Brandon Pritchard in his individual and official capacities.

---

[6] The Plaintiff conceded in his additional briefing that no genuine dispute of material fact exists as to whether Brandon Pritchard is liable for race discrimination in violation of Title VII of the Civil Rights Act of 1964.

*Conclusion*

For all the reasons discussed above, the Court, pursuant to Rule 56(f)(3), grants summary judgment on the Plaintiff's claims against the remaining Defendants. The Plaintiff's Title VII and Section 1981 claims are dismissed *with prejudice*. THIS CASE IS CLOSED.

SO ORDERED this the 6th day of July, 2020.


/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE