IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES PAIGE, JR                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:18-CV-765-SA-RP

METROPOLITAN SECURITY SERVICES,
WILLIAM BARR, ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF JUSTICE,
GAYLEN KNUPP, in his official and individual capacity,
and BRANDON PRITCHARD, in his official and individual
capacity                                                                           DEFENDANTS

ORDER

On June 10, 2020, the Court entered an Order and Memorandum Opinion [94] granting summary judgment and dismissing the Plaintiff's claims against his employer, Walden Security. That Order did not close the case. The Court later granted summary judgment *sua sponte* pursuant to Rule 56(f) of the Federal Rules of Civil Procedure on the remaining legal issues and the case was closed on July 6, 2020. *See Order and Memorandum Opinion* [99].  Presently before the Court is the Plaintiff's Motion for Extension of Time [100] to file Notice of Appeal of the Court's Order [94]. In his motion, the Plaintiff contends that he missed the deadline to file the Notice of Appeal because he was uncertain whether the Court's June 10th order triggered the 30-day deadline.

Extension of a deadline to file a Notice of Appeal is governed by Rule 4 of the Federal Rules of Appellate Procedure. Pursuant to Rule 4, "the district court may extend the time to file a notice of appeal if: (i) the party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good

cause [for the extension]." Fed. R. App. P. 4(a)(5)(A). The Court will address these required showings in turn.

As to subsection (i), the Plaintiff's Motion [100] was filed on July 23, 2020, thirteen days after the Rule 4 deadline expired on July 10, 2020. Therefore, the Plaintiff's request was filed well within the 30-day period outlined in the above referenced rule.

Second, the plaintiff must show excusable neglect or good cause for the extension. Paige asserts that because "there has been no final judgment entered" . . . "there is uncertainty as to the date that triggers the time for filing his Notice of Appeal." Thus, Paige claims excusable neglect as a basis for his request. A determination of excusable neglect is controlled by the Supreme Court's ruling in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*. *See U.S. v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995); *citing Pioneer,* 507 U.S. 380, 113 S.Ct. 1489, 123 L. Ed. 2d 74 (1993). "In determining whether a party's neglect is excusable, the Court emphasized the equitable nature of the inquiry, which takes into account the following circumstances: the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

The prejudice to the opposing parties is minimal considering the fact that parties to litigation often appeal adverse rulings. Therefore, allowing this notice of appeal to be filed outside the original 30-day deadline does not create any additional prejudice for the opposing parties. As to the length of delay, the Plaintiff filed this request 43 days after the Court entered its Order [94] and 13 days after his initial 30-day deadline expired. This delay is not substantial considering the request was filed before the deadline outlined in Rule 4(a)(5)(A). In addition, the Plaintiff claims the reason for delaying the filing of his Notice of Appeal is uncertainty about the procedural

posture of the case after the Court's Order [94] granting summary judgment in favor of Walden Security. This Court has no reason to believe Paige acted in bad faith in delaying the filing.

One final note: This case presented the Court with a very unusual procedural posture. After the Court found that no genuine dispute of material fact existed as to whether the Plaintiff's employer discriminated against him, several other claims and defendants remained active in the case. Even at that point, the motions deadline had passed and those legal issues would have been headed to trial. In the interest of preserving judicial resources, the Court employed it's authority to consider summary judgment *sua sponte* on the remaining issues pursuant to Rule 56(f). As a result of the Defendants' failure to file additional dispositive motions in a timely manner, the Court was placed in an undesirable position and the Plaintiff undoubtedly experienced confusion and uncertainty as to his deadline to appeal the Court's June 10th Order [94].

For the reasons discussed above, the Plaintiff's Motion for Extension of Time [100] is GRANTED, but not to the extent requested. The Plaintiff has fourteen (14) days from the date of this order to file a Notice of Appeal only as to the Court's Order [94].

SO ORDERED this, the 4th day of August, 2020.


/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE